**Levelle GAINES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 68385.

Missouri Court of Appeals, Eastern District, Division One.

March 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1996.

Deborah B. Wafer, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Movant tendered guilty pleas on four felonies: Count I, murder in the second degree; Count II, a related armed criminal action; Count III, robbery in the first degree; and, Count IV, a related armed criminal action. Pursuant to a plea agreement the court imposed twenty-five year sentences on each count to be served concurrently for a total of twenty-five years. We affirm.

In a Rule 24.035 motion movant challenges only the conviction on Count IV. He contends the court lacked jurisdiction because the robbery and murder occurred simultaneously and the prohibition against double jeopardy prevents two charges of armed criminal action for the same act. The motion court found a plea of guilty waives a claim of double jeopardy and movant's substantive claim has been expressly rejected by the appellate courts. The finding regarding waiver was wrong but rejection of the substantive claim of double jeopardy was correct. We find the provisions of § 571.015.1 RSMo1986, authorize additional punishment on armed criminal action charges related to the murder second degree and robbery first degree charges because each underlying felony was committed by, with, or through the use of a deadly weapon. *State v. Carter*, 889 S.W.2d 106, 109 (Mo.App.E.D.1994).

The motion court had a record consisting of the informations and the transcript of the guilty plea which was sufficient to review movant's substantive claim. Under those limited circumstances a guilty plea does not waive the alleged jurisdictional defect and defense. *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992). In reviewing a similar claim *Hagan* held charges of robbery and stealing were separate crimes so that the court had jurisdiction to accept guilty pleas to both without violating movant's double jeopardy rights. *Id.* at 463. Where force was used to take car keys and the keys were used to steal the car there were two separate crimes, not one. *Id.* In *Carter*, we held sentences imposed for the convictions on second-degree felony murder, first-degree robbery, and related charges of armed criminal action did not subject defendant to double jeopardy. *Carter*, 889 S.W.2d at 109. We now hold that the use of a weapon in committing a robbery and the use of the same weapon in committing a felony murder during the robbery, subjects defendant to punishment for two crimes, not one. The statute defining armed criminal action, § 571.015 RSMo1986, expresses legislative intent that the punishment shall be in addition to the punishment for the underlying felony. Count IV of the information charged armed criminal action during a robbery second degree. The plea of guilty on Count IV acknowledged use of a weapon in committing the robbery which exposed defendant to additional punishment for the robbery. The use of the same weapon while committing a murder and a robbery is punishable separately so long as the underlying felonies are separate crimes. The court had jurisdiction over Count IV.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.