PER CURIAM.
Robert Gordon Hosford appeals, arguing that two of his three DUI convictions violate the proscription against double jeopardy. We agree and reverse.
Hosford was charged with violating paragraph 316.193(2)(b), Florida Statutes (1995), in each of the three counts of felony DUI. The language used in each count of the information was identical; none contained additional language charging a DUI with property damage or DUI with serious bodily injury. Thus, the charging document charges Hos-ford with three identical DUI offenses arising out of a single incident.
We therefore must agree that Hosford improperly received multiple convictions for one incident of driving under the influence. Had Hosford been charged, as the State contends it intended, with two counts of DUI bodily injury, one for each of two persons *219 injured, and one count of DUI property damage, the convictions would have been proper. See Melbourne v. State, 679 So.2d 759 (Fla.1996) (upholding conviction for two counts of DUI manslaughter and one count of DUI with serious bodily injury stemming from deaths of two people and injury of a third by drunk driver). This was not the case, however. The State charged Hosford with three counts of felony DUI (based upon a fourth conviction) for his one act of driving inebriated.
We reverse with directions to vacate two of the three DUI convictions. Because Hos-ford’s guideline scoresheet will be- affected, we remand for resentencing on the remaining DUI conviction and the additional convictions for failing to stop at an accident scene resulting in property damages and driving with a suspended, revoked or cancelled license.
REVERSED and REMANDED with instructions.
DAUKSCH, GOSHORN and GRIFFIN, JJ., concur.