**STATE of Missouri, Respondent,**

v.

**Richard A. WARREN, Appellant.**

No. 70046.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 14, 1997.

Application to Transfer Denied
June 17, 1997.

Jeannie Arterburn, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRAHAN, P.J., and GRIMM and HOFF, JJ.

**PER CURIAM.**

Defendant appeals the judgment entered upon his conviction by a jury of murder in the second degree (felony murder), § 565.021 RSMo 1986, first degree robbery, § 569.020 RSMo 1986, and two counts of armed criminal action, § 571.015 RSMo 1986, for which he was sentenced to life imprisonment on each count, to be served consecutively. Defendant does not contest the sufficiency of the evidence to sustain his convictions.

In his first point, Defendant urges the trial court committed plain error in submitting the jury instructions for the two counts of armed criminal action. The State concedes that the instructions were erroneous because Defendant was charged on a theory of accomplice liability, which meant the jury was required to find that he acted "with the purpose of promoting the commission" of the charged offenses. § 562.041.1(2) RSMo 1986. In this case, contrary to the requirements of MAI–CR3d 304.04, the armed criminal action verdict directors erroneously required the jury to find that Defendant acted with the purpose of promoting first degree robbery, not armed criminal action. Thus, the State concedes that the armed criminal action verdict directors did not require the jury to find all of the essential elements of armed criminal action predicated on a theory of accomplice liability. Accordingly, the State agrees that the judgments of conviction and sentences on these two counts should be reversed and remanded for a new trial.

In his remaining points, Defendant asserts the trial court plainly erred in permitting the prosecution to introduce transcripts of his co-defendant's guilty pleas, admitting alleged hearsay testimony, failing to declare a mistrial *sua sponte* due to alleged improper argument and admitting into evidence items which were evidence of other crimes or bad acts.[1] We have reviewed the briefs of the parties and the record on appeal and find these contentions to be without merit. An extended opinion discussing each of these

---

1. Defendant also claims that his convictions for armed criminal action based on his use of the same dangerous instruments as were used to commit the underlying crimes violates his right to be free from double jeopardy. Defendant acknowledges that we have repeatedly rejected

such contentions in prior cases. *See Gaines v. State,* 920 S.W.2d 563 (Mo.App.1996); *State v. Carter,* 889 S.W.2d 106 (Mo.App.1994). In view of our reversal of the armed criminal action counts, however, this point is moot.

contentions would have no precedential value. We deny these points pursuant to Rule 30.25(b).

The judgments of conviction and sentences imposed on Counts III and IV, armed criminal action, are reversed and remanded for a new trial. The judgments and sentences imposed on Counts I and II, murder in the second degree and first degree robbery, are affirmed.

