**STATE of Missouri, Respondent,**

v.

**Harold L. NEWTON, Appellant.**

**Harold L. NEWTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 63938, 68569.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 9, 1998.

Application for Transfer Denied
March 24, 1998.

Gary E. Brotherton, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for Respondent.

SIMON, Judge.

In State v. Newton, 925 S.W.2d 468 (Mo. App.1996) (*Newton I*), Harold L. Newton (defendant) appealed his sentences entered following verdicts of guilty by a jury of murder first degree, Section 565.020 RSMo 1994 (all references hereinafter will be to RSMo 1994 unless otherwise noted); armed criminal action in connection therewith, Section 571.015; kidnapping, Section 565.110; and armed criminal action in connection therewith, Section 571.015. In *Newton I*, defendant contended that the trial court erred in: (1) quashing his subpoena requesting state witness Carla Ennis' (Ennis) psychological records and in finding her competent to testify without examining such records; (2) limiting defendant's cross-examination of Ennis' credibility to an examination of her mental condition on May 25, 1991; and (3) sustaining the state's objection which precluded defendant from examining Geraldine Clark regarding Ennis' use of crack cocaine the night of the incident. Defendant also contended that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because: a) defendant's trial counsel failed to call Wayne Kibble as a witness; b) the prosecuting attorney knowingly used false or misleading evidence to obtain defendant's conviction; and c) newly discovered evidence would have prevented defendant from being found guilty of first degree murder. Our opinion resolved defendant's points on appeal except for his first point. As to his first point, we found that the trial court erred in failing to conduct an *in camera* inspection of Ennis' psychological records to determine if any relevant and material information existed concerning her competency to testify and remanded the cause to the trial court. *Newton I*, 925 S.W.2d at 472. For a detailed recitation of the facts *see Newton I*, 925 S.W.2d at 469–70.

Upon remand, the trial court conducted an *in camera* review of Ennis' psychological records and found:

[t]he response of Dr. Mary Nielsen (who treated Ennis) to this Court's order to Produce Records Under Seal states that she has no such records in her immediate possession or control. A review of the records received from Malcolm Bliss Mental Health Center and St. John's Mercy Medical Center was conducted. The Court has also reviewed the Affidavit of James Dunning, Clinic Pharmacist, JFK Clinic Pharmacy, indicating that the computer log of prescriptions are automatically deleted after 12 months. The prescription log for the first 12 months has been reviewed.

The trial court then stated, in pertinent part, that the records:

do not contain any relevant and material evidence pertaining to the ability of the witness, Carla Ennis, to observe and recollect the occurrence which took place on May 25, 199[1], about which she gave testimony in the trial of the above cause on March 4, 1993.

The trial court then returned the records under seal to their custodians.

Subsequently, defendant asked us to "(1) set a briefing schedule regarding the remand for and (sic) in camera review of Carla Ennis' psychological records, and (2) obtain said psychological records for appellate review." In *State v. Newton*, Nos. 63939, 68569, slip op. at 2–3, 1997 WL 53012 (Mo.App. E.D.Feb.11, 1997) (*Newton II*), we upheld the trial court's ruling for the reason that questions of relevancy are left to the discretion of the trial court, and its ruling will be disturbed only if an abuse of discretion is shown. We found that there was nothing to indicate such an abuse. However, we did not independently examine the psychological records.

Subsequently, our Supreme Court granted defendant's application for transfer of *Newton II* and issued its order stating:

[t]he cause having been transferred to this court thereby vacating the opinion filed in the court of appeals, the motion to (1) set briefing schedule regarding the remand for an *in camera* review of Carla Ennis' psychological records and (2) obtain said psychological records for review is sustained. The trial court is ordered to certify the medical records reviewed *in camera* as part of the record on appeal and forward said records under seal to the Court of Appeals, Eastern District. The cause is retransferred to the Court of Appeals, Eastern District, for such proceedings as may be necessary in light of the motion being sustained.

On October 1, 1997, defendant, by letter, advised us that the portion of his sustained motion related to a new briefing schedule was moot because both sides previously submitted supplemental briefs to our Supreme Court.

Pursuant to our Supreme Court's order, we conducted a review of Carla Ennis' records that were forwarded to us under seal by the trial court: Ennis' psychological records from Malcolm Bliss Mental Health Center and St. John's Mercy Medical Center for the period June 19, 1991 to August 17, 1995 and Ennis' prescription profile from JFK Clinic Pharmacy for the period September 13, 1995 to October 4, 1996. As noted in *Newton I*, 925 S.W.2d at 471[6–7], Ennis is presumed to be competent to testify absent a showing by defendant rebutting the presumption. A prior adjudication of mental incompetence or a record of confinement in a mental hospital is not conclusive; a witness must exhibit some mental infirmity and fail to meet the traditional criteria for witness competence. *State v. Robinson*, 835 S.W.2d 303, 307 (Mo.banc 1992). A witness is competent to testify if the witness shows: (1) a present understanding of, or the ability to understand upon instruction, the obligation to speak the truth; (2) the capacity to observe the occurrence about which testimony is sought; (3) the capacity to remember the occurrence about which testimony is sought; and (4) the capacity to translate the occurrence into words. *Id.* In State v. Darty, 619 S.W.2d 750, 751 (Mo.App.1981), we noted that treatment at a mental hospital in the past and monthly outpatient treatment does not establish an "unsound mind" under Section 491.060(1) RSMo 1978 [since enacted as "mentally incapacitated" in Section 491.060(1) RSMo Cum.Supp.1984]. A witness who has not been adjudicated of unsound mind and is not presently confined to a mental institution, is presumed competent. *Id.*

Although our review of the records indicates Ennis was a patient at Malcolm Bliss Mental Health Center approximately three weeks after the occurrence in question, there is no indication that she was adjudicated as mentally incompetent or confined to this institution during the period in question. Additionally, our review of the records did not reveal any relevant and material information pertaining to the traditional criteria for witness competence set forth in *Robinson*. Therefore, defendant's first point directed to Ennis' competency to testify is denied.

Although this disposes of defendant's first point, defendant has also filed a "MOTION FOR LEAVE TO FILE 'APPELLANT'S AMENDED SUPPLEMENTAL BRIEF'" in which defendant seeks to amend his supplemental brief by adding a point related to the instructions given to the jury at trial. Defendant's counsel concedes he made a mistake in not previously presenting this point. Clearly, defendant's additional point is not reviewable at this time. However, in *State v. Sumlin*, 820 S.W.2d 487, 489 (Mo.banc 1991), our Supreme Court repeated that claims of ineffective assistance should be presented to the appellate court in the form of a motion to recall the mandate. In order to put this matter to rest and avoid a potential recall of the mandate, we will address the merits of defendant's additional point.

In this point, Defendant contends that the trial court plainly erred in giving instruction numbers nine and thirteen, armed criminal action, to the jury because the instructions required that he acted with the purpose of promoting or furthering the commission of [murder in the first degree and kidnapping] but failed to require that defendant acted with the purpose of promoting or furthering the commission of "armed criminal action" as required by Section 562.041.1(2). State responds that the submission of the two instructions was error but did not result in manifest injustice or a miscarriage of justice.

Instructional error is seldom plain error. *State v. Busch*, 920 S.W.2d 565, 569[2] (Mo.App.1996). Defendant must go beyond a demonstration of mere prejudice and establish such a misdirection of the jury as would cause manifest injustice or a miscarriage of justice. *Id.* In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict. *State v. Nolan*, 872 S.W.2d 99, 103 (Mo.banc 1994). We have found no manifest injustice or miscarriage of justice arising from the error of failing to submit to the jury an element of the crime which was not in dispute. *Busch*, 920 S.W.2d at 569–70. *See also State v. Harnar*, 833 S.W.2d 25, 28 (Mo.App.1992) and cases collected therein.

Here, the instructional errors at issue are related to the mental elements of the crimes charged. At trial, defendant's defense was one of alibi and mistaken identity and did not involve an issue as to the mental element of the crimes charged.

Defendant primarily relies on *State v. Warren*, 945 S.W.2d 515 (Mo.App.1997) for his contention that the submission of instruction numbers nine and thirteen is plain error. Since the facts underlying the points raised in *Warren* are not set forth, it does not assist us. It is not revealed whether the mental state for armed criminal action or the underlying felony was at issue. Here, the mental element of the crimes charged was not at issue. We conclude that no manifest injustice or miscarriage of justice resulted from the error of failing to submit to the jury an element of the crimes which was not in dispute.

Our denial of defendant's points in conjunction with our previous opinion in *Newton I* mandates that the judgment be affirmed.

JUDGMENT AFFIRMED.

PUDLOWSKI, P.J., and HOFF, J., concur.