**STATE of Missouri, Respondent,**

v.

**John F. FRANCES, Jr. a/k/a John E. Frances, Jr. a/k/a John E. Francis, Jr., Appellant.**

**No. WD 57805.**

Missouri Court of Appeals, Western District.

Submitted Dec. 14, 2000.

Decided March 27, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 2001.

Application for Transfer Denied Aug. 21, 2001.

John E. Cash, Brian J. Gepford, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Attys. Gen., Jefferson City, Philip M. Koppo, Asst. Atty. Gen., Kansas City, for respondent.

Before SMART, P.J., ELLIS and LAURA DENVIR STITH,[1] JJ.

SMART, Presiding Judge.

John F. Frances, Jr., was convicted of two counts of assault in the first degree, one count of assault in the second degree, and three counts of armed criminal action. The convictions arose out of a shooting incident which occurred on April 15, 1996, in Kansas City. There were three alleged victims of the shooting; Gregory Watson, Stanley Johnson, and Jonathan Barnes. Frances appeals two of the three convictions of armed criminal action on the basis that all three of the charges of armed criminal action were identical in that all related specifically to the shooting of Greg-

1. Judge Stith participated in the case at the time of submission as a member of the court, and was specially assigned to remain on this case by order of the Supreme Court after her appointment to the Supreme Court.

ory Watson on April 15, 1996. He claims, therefore, that his conviction three times for the same offense was a violation of his rights under the double jeopardy clause of the Fifth Amendment of the United States Constitution and Missouri's common law prohibition against double jeopardy.[2]

## Procedural History

The original indictment filed in June, 1996, may be summarized as follows:

Count 1: Assault in the first degree against Watson, a Class A Felony.

Count 2: Armed criminal action as to the felony charged in Count 1, a Class A Felony.

Count 3: Assault in the first degree against Johnson, a Class A Felony.

Count 4: Armed criminal action as to the felony charged in Count 3, a Class A Felony.

Count 5: Assault in the first degree against Barnes, a Class A Felony.

Count 6: Armed criminal action as to the felony charged in Count 5, a Class A Felony.

In August 1997, the state moved for leave to file an amended information charging defendant as a prior and persistent offender. The motion alleged that no new charge was being filed and that the purpose of filing was to plead that Frances was a prior and persistent offender. The court granted leave. The amended information filed by the state included the allegations of assault and armed criminal action, but also set forth a claim that Frances was a prior offender and a persistent offender. The portions of the amended information dealing with the initial charges in this case had been altered in that counts 4 and 6 each, like count 2,

referred to the felony charge in count 1 rather than the felony charges in counts 3 and 5. Counts 3 and 5 were also transposed. Therefore, the amended information set forth the following:

Count 1: Assault in the first degree against Watson.

Count 2: Armed criminal action as to the felony charged in count 1.

Count 3: Assault in the first degree against Barnes.

Count 4: Armed criminal action as to the felony charged in count 1.

Count 5: Assault in the first degree against Johnson.

Count 6: Armed criminal action as to the felony charged in count 1.

None of the parties noticed that the amended information charged Frances with three identical charges of armed criminal action. Frances waived a jury and the case was tried to the court. On April 26, 1999, the court found the defendant guilty of all six counts. The judgment of the court does not set out the counts in detail, but instead refers to the amended information and describes the counts as either assault in the first degree or armed criminal action and refers to all as class A felonies. Frances filed a motion for judgment NOV or, in the alternative, for a new trial in May 1999, but did not mention the fact that all three armed criminal action charges related to the shooting of Gregory Watson. The court later amended the judgment to reduce the assault conviction involving Jonathan Barnes (count 3) to that of a second degree assault, a class C felony. Frances now appeals.

---

**2.** We use the term "double jeopardy" herein in a generic way which includes the concept of multiple jeopardy generally.

Frances argues in his first point that his conviction and sentences on two of the armed criminal action charges cannot stand because otherwise Frances stands convicted and sentenced three times for the same offense. Frances asserts that this is an obvious violation of his right under the constitution to be free of double jeopardy. The defense cites *Hagan v. State*, 836 S.W.2d 459 (Mo. banc 1992), in which the court mentions the jurisdictional nature of a double jeopardy claim because the claim goes to the state's power to prosecute the defendant. Frances also points out that the common law guarantee against double jeopardy recognized in Missouri is virtually identical to the Fifth Amendment guarantee of the United States Constitution.[3]

Frances argues that it is the state's responsibility to charge the offense it intends to prove, implying that even if the double jeopardy problem was merely one of an inadvertent typographical error, the state cannot sustain the convictions. Frances also argues that he had no responsibility to call to the attention of the court the problem with the charges in view of the fact that counts 4 and 6 of the amended information amounted to legal nullities.

Frances points to *Gaines v. State*, 920 S.W.2d 563 (Mo.App.1996), in which the court dealt with the issue of whether multiple armed criminal action charges violate the provision against double jeopardy. The court said that the state may separately charge and punish the use of the same weapon while committing a murder and a robbery "so long as the underlying felonies are separate crimes." *Id.* at 564. Defendant, pointing to *Gaines*, argues that the "underlying felonies" in this case are not separate and, in fact, could not be more identical. Therefore, under *Gaines*, argues the defendant, counts 4 and 6 violated the double jeopardy clause.

The state, in response, argues that, "the erroneous cross-referencing was merely a typographical error in the information that did not prejudice appellant in that the record taken as a whole reveals that the prosecutor intended to charge appellant with three separate counts of armed criminal action related to three separate assaults and that the error in the information did not impair appellant's ability to present a defense." The prosecution argues that the record showed it was not the prosecutor's intent that Frances be convicted of three counts of armed criminal action with respect to the assault on Watson. The state quotes from the prosecution's opening statement and closing argument to show that the state intended to charge separate armed criminal actions relating to the three separate assaults. The state points out that the typographical error could have been corrected at any time. The state says if the prosecution had moved for leave to amend, the court would have granted the motion in view of the fact that it was evident it was a mere typographical error, and that there would have been no prejudice to the defense. Therefore, says the state, the error should not be treated as something other than a typographical error merely because the matter was not raised sooner.

In this case, the order of the trial court on April 26, 1999, does not recite the charge or describe the content of the six counts, but refers to the six counts, describes them as either assault in the first degree or armed criminal action, respec-

---

**3.** Art. I, Section 19, of the Missouri Constitution contains a form of protection against double jeopardy. By its terms, however, it applies only to re-prosecution after acquittal. *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970).

tively, and describes them as class A felonies. The order then recites that the court, after trial, finds "defendant guilty of counts 1, 2, 3, 4, 5, and 6." On July 15, 1999, the court amended its finding of guilt as to count 3, to a finding of guilty on the offense of assault in the second degree, a class C felony. The court also sentenced the defendant, with the sentences on counts 1, 3 and 5 running consecutively to one another (for a total of 30 years) and counts 2, 4 and 6 running concurrently with one another and with counts 1, 3 and 5. As is often the case, the judgment itself did not set out in full the text of the amended information.

The state relies on *State v. Parkhurst*, 845 S.W.2d 31 (Mo. banc 1992) to persuade us that we should affirm. In *Parkhurst*, the information filed against the defendant charged him with exhibiting a semi-automatic handgun "in an angry or threatening manner" in violation of section 571.030.1(4) RSMo.1986. *Id.* at 32. The statute makes it a class B felony to knowingly exhibit such a weapon in an angry or threatening manner. The information filed against Parkhurst inadvertently omitted the allegation that he *knowingly* exhibited the weapon in an angry or threatening manner. Nevertheless, Parkhurst was arraigned, tried and convicted of the charge without any complaint concerning the lack of mention that the offense was committed knowingly. Likewise, Parkhurst's motion for new trial failed to mention the pleading defect. Parkhurst raised the issue on appeal, however. *Id.* at 33.

The Supreme Court, in *Parkhurst*, noted that Section 545.030 (the "Statute of Jeofails")[4] was specifically designed to abrogate the rigorous technical common law pleading rules. For instance, it was formerly the rule that if all elements of an offense were not specifically alleged, they would not be supplied by intendment or implication. *Id.* at 33. In 1948, however, the court held that because of the statute, the old technical rule is to be applied only to those allegations "necessary to inform the defendant of the nature and cause of the accusation." *Id.* at 33 (quoting *State v. Stringer*, 357 Mo. 978, 211 S.W.2d 925, 929 (1948)). The court overruled a previous line of authority applying strict technical rules of pleading and applying jurisdictional concepts to the defects in the pleadings.[5] The court also took note of Rule 24.04(b)(2) which provides that objections as to defects in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The rule further provides that failure to timely object constitutes a waiver of objection, but the court "for cause shown may grant relief from the waiver." Rule 24.04(b)(2). The rule also specifies that lack of jurisdiction or failure of the charging instrument "to charge an offense" shall be noticed by the court at any time during the proceeding. *Id.*

The court in *Parkhurst* said that when the issue of a defect is raised for the first time after verdict, "the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of an acquittal are prejudiced." *Parkhurst*, 845 S.W.2d at 35. The

---

4. Section 545.030 is a statute designed to reverse the common law tradition that all elements of an offense must be specifically and accurately charged in order for prosecution to be valid. *Parkhurst*, 845 S.W.2d at 33.

5. The court overruled *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983) and *State v. Brooks*, 507 S.W.2d 375 (Mo.1974). *Parkhurst*, 845 S.W.2d at 34.

court also said that in either event, a defendant will not be entitled to relief unless the defendant demonstrates actual prejudice. *Id.*

■ The state argues that the documents can be construed as three separate armed criminal actions relating to Watson, Johnson, and Barnes because "a reasonable person reading the documents and hearing the prosecutor's statements would conclude that the state was charging appellant with three assaults and three counts of armed criminal action in connection with those three assaults." The state forgets that a transcript of the opening statement and closing argument will not be part of the documents reflecting the conviction. While a discerning reader might *assume* that counts 4 and 6 contained typographical errors, there remains confusion because of the normal assumption that the charges express exactly what the state intended to charge. We cannot say that the state's view is the only reasonable construction. Second, since one of the reasons for accuracy and sufficiency in pleadings is to avoid conflict with provisions against double jeopardy, we find it unacceptable to simply ignore the appearance that the defendant's double jeopardy rights have been violated. The fact that the courts are concerned about the double jeopardy aspect of identical counts is reflected in the case of *State v. Larson*, 941 S.W.2d 847 (Mo.App.1997). In that case, the defendant was charged, *inter alia*, with fifty identical counts of misdemeanor animal abuse. The defendant asked for a bill of particulars at trial, and his motion was denied. *Id.* at 850. On appeal, the court held that the denial was error, specifically recognizing the concern that the defendant could be subjected to multiple prosecutions for abusing a particular hog. *Id.* at 851.

We believe *Parkhurst* is not directly apposite because it does not relate to double jeopardy concerns. *Parkhurst* and the Statute of Jeofails deal with the circumstance in which there is some "missing" element not pleaded, such as the specific mental state which is an element of the crime. In this case, there is no missing element in any of the charges. The most we can say for the relevance of *Parkhurst* here is that it expresses a philosophical position that an otherwise valid charge should not be considered invalid merely because of a minor technical omission.

The state offers no suggestion here that the case may be remanded to the trial court for amendment of the judgment to preclude double jeopardy problems. The state asks only that we affirm. We have noted a few other cases which indicate that other courts, like ours, consider identical counts a double jeopardy problem. For instance in *Smith v. State*, 741 So.2d 576 (Fla.App.1999), a defendant appealed the denial of a postconviction motion in which the defendant raised, for the first time, a double jeopardy issue with regard to the fact that counts 1 and 2 of the information were identical, and no part of the record was attached to the trial court's order to show that the two counts were based on different incidents. The court reversed the conviction, and remanded the case to the trial court for an evidentiary hearing or for attachment of documents to the record showing conclusively that the defendant was not entitled to relief. *Id.* In *Hosford v. State*, 682 So.2d 218 (Fla.App. 1996), the defendant was charged with three identical DUI convictions. The state said it had intended to charge the defendant with two counts of DUI bodily injury (involving two different injured persons) and one count of DUI property damage, but again this was not apparent from the information or the order of conviction. *Id.* at 218. The court, accordingly, ordered two of the convictions vacated. We are not provided with information as to any

case in which a court has simply ignored the double jeopardy concerns, as the state asks us to do here. We will not do so either.

Accordingly, we vacate the convictions and the concurrent sentences on counts 4 and 6.

### Point I

Frances also contends on appeal that the trial court erred in convicting him in count 5 of the class A felony of assault in the first degree with regard to Stanley Johnson because the injuries received by Johnson did not rise to the level required for class A felony assault in the first degree. The state concedes error and agrees that the case should be remanded for correction of the record to show that Frances was convicted only of class B felony assault in the first degree and for resentencing on the class B felony accordingly. Therefore, we vacate the conviction of assault in the first degree on count 5 and the sentence, and will remand the case to the trial court to amend the judgment to show conviction on count 5 of a class B felony of assault in the first degree, and to resentence the defendant accordingly.

### Conclusion

The defendant's convictions and sentences on counts 4 and 6 are vacated. The judgment of conviction on count 5 is vacated and the case is remanded to the trial court for amendment of the judgment to show conviction on count 5 of a class B felony of assault in the first degree and for resentencing accordingly. The balance of the judgment of conviction, including the sentences thereon, is affirmed.

ELLIS, J., and LAURA DENVIR STITH, Sp.J., concur.