Tracy McKEE, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94203.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 1, 2011.

**152**

Gwenda Renee' Robinson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

## Introduction

Tracy McKee (Movant) appeals from the motion court's judgment denying his Rule 29.15[1] motion. Movant claims that the motion court erred in denying post-conviction relief, because his trial counsel was ineffective by failing to request an instruction for the lesser-included offense of second-degree tampering. We affirm.

## Factual and Procedural Background

On January 30, 2008, a jury convicted Movant of tampering in the first degree, in violation of Section 569.080.1(2) RSMo Supp.2005. Viewed in the light most favorable to the verdict, the evidence at trial showed the following.

Justin Siess parked his Nissan Maxima (the vehicle) in a downtown St. Louis parking garage at approximately 9:00 a.m. on June 16, 2005. Around 9:20 a.m., security escort Beverly Black heard a car alarm and, upon approaching the vehicle, saw a person in the driver's seat leaning over sideways. She moved away from the vehicle to secure backup, and upon re-approach, she saw Movant inside the vehicle, attempting to remove the stereo. She noticed that the back, left triangle window of the vehicle was broken. Black asked Movant what he was doing, and he responded that the vehicle belonged to his wife. After speaking with Black and another security guard for five or ten minutes, Movant shoved Black and fled. Fingerprints taken from the outside of the vehicle on the rear driver's side were identified as belonging to Movant.

---

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

When Siess was contacted, he stated that he had not given anyone permission to be in the vehicle, and he noted that a window had been broken, the radio was partially ripped out, the face of the stereo had been broken away, and the mounting bracket was bent. Siess paid approximately $300 to replace the window and clean the vehicle, repaired the stereo housing himself, and was able to bend the bracket back into shape.

The defense rested without calling any witnesses, asserting Movant's innocence in closing arguments. The jury found Movant guilty of tampering in the first degree. The court sentenced him to seven years in the Missouri Department of Corrections, suspended execution of sentence, and placed him on probation for three years. Movant's conviction and sentence were affirmed on appeal. *State v. McKee*, 277 S.W.3d 846 (Mo.App. E.D.2009).

Movant timely filed a Rule 29.15 motion asserting, as relevant to this appeal, that his trial counsel was ineffective for failing to request a lesser-included-offense instruction for tampering in the second degree. The motion court found that Movant was not entitled to an evidentiary hearing, because he failed to plead facts, not refuted by the record, entitling him to relief. The motion court further found no merit in Movant's claim of ineffective assistance of counsel based upon the failure to request an instruction for the lesser-included offense, because "[b]reaking a window and damaging a car stereo in an effort to pull it out constitutes more than causing inconvenience to the owner." Accordingly, the motion court denied Movant's request for relief under Rule 29.15. This appeal follows.

### Standard of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm impression that a mistake has been made. *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005); *Becker v. State*, 260 S.W.3d 905, 907 (Mo.App. E.D.2008).

### Discussion

In his sole point on appeal, Movant contends the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing, because the evidence established that his trial counsel was ineffective for failing to request an instruction for the lesser-included offense of second-degree tampering.

An evidentiary hearing is required only if: (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and records in the case; and (3) the matters complained of resulted in prejudice. *Williams*, 168 S.W.3d at 439; *Becker*, 260 S.W.3d at 907; *see also* Rule 29.15(h). For an evidentiary hearing based on claims related to ineffective assistance of counsel, a movant must allege facts, not refuted by the record, showing that counsel's performance did not conform to the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him. *Williams*, 168 S.W.3d at 439 (citing *Strickland v. Washington*, 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *Becker*, 260 S.W.3d at 907. To demonstrate prejudice, the facts must show a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.

*Williams,* 168 S.W.3d at 439. We presume that counsel's conduct was reasonable and effective, and that any challenged action was part of counsel's reasonable trial strategy. *Id.*

While Movant claims that trial counsel was ineffective in failing to request an instruction for second-degree tampering, a trial court has no obligation to instruct on a lesser-included offense unless a basis exists for acquitting the defendant of the greater offense charged, and convicting him of the lesser-included offense. Section 556.046 RSMo Supp.2001; *Hill v. State,* 181 S.W.3d 611, 620 (Mo.App. W.D. 2006). Here, Movant was not entitled to an evidentiary hearing on his Rule 29.15 motion, because he failed to alleged facts, not refuted by the record, supporting acquittal for first-degree tampering and conviction for second-degree tampering. *Hill,* 181 S.W.3d at 620–21; *State v. Trujillo,* 869 S.W.2d 844, 847 (Mo.App. W.D.1994) (no error in court's failure to give instruction for second-degree tampering when there was no reasonable basis for finding defendant guilty of lesser offense and innocent of first-degree tampering).

First-degree tampering provides for conviction when the defendant "knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile . . . without the consent of the owner." Section 569.080.1(2). "Deface" is defined as: "(1) To spoil or mar the surface or appearance of; disfigure. (2) To impair the usefulness, value, or influence of." The American Heritage Dictionary (2d ed.1982). Second-degree tampering provides for conviction if the jury finds that the defendant tampered with the property "for the purpose of causing substantial inconvenience." Section 569.090.1(1) RSMo Supp.2005. "To tamper" is defined as "to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition, or to deprive, temporarily, the owner or possessor of that thing." Section 569.010 RSMo 2000; *State v. Orton,* 178 S.W.3d 589, 592 (Mo.App. E.D.2005).

Movant broke the back triangle window, partially removed the vehicle's stereo, broke the stereo face, and bent the stereo mounting brackets. Although Siess was able to repair his vehicle, the total repair costs were approximately $300. These facts do not support an inference that Movant merely tampered with the vehicle for the purpose of causing substantial inconvenience. Rather, the amount of damage supports a finding that Movant defaced the vehicle. Sections 569.010, 569.080.1(2), 569.090.1(1); *see State v. Martin,* 882 S.W.2d 768, 770 (Mo.App. E.D.1994) (damage to vehicle, even though later repaired, supported conviction for first-degree tampering). Movant would not have been entitled to an instruction for the lesser included offense of second-degree tampering, and we do not deem trial counsel ineffective for failing to request it.

Further, our review of the trial record shows that Movant's trial counsel was proceeding with an innocence defense. Requesting an instruction for second-degree tampering would have been inconsistent with his innocence defense, and counsel "had no duty to request an instruction that would undermine the entire theory of the case presented at trial." *Brock v. State,* 242 S.W.3d 430, 434 (Mo.App. W.D.2007); *see also Jackson v. State,* 205 S.W.3d 282, 286 (Mo.App. E.D.2006) (counsel cannot be found ineffective for not offering jury middle ground for conviction). The motion court did not clearly err in denying Movant's Rule 29.15 motion without an evidentiary hearing.

Point denied.

## Conclusion

The judgment of the motion court is affirmed.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.