**STATE of Missouri, Respondent,**

v.

**Dennis Leon ORTON, Appellant.**

No. ED 84812.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 13, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 2005.

Application for Transfer Denied Dec. 20, 2005.

Karen L. Kramer, Jefferson City, MO, for respondent.

Nancy A. McKerrow, Columbia, MO, for appellant.

***OPINION***

GLENN A. NORTON, Judge.

Dennis Leon Orton appeals the judgment entered on his convictions for tampering in the second degree and resisting arrest. We affirm.

## I. BACKGROUND

Orton was kicked out of a bar by its owners and was seen later that evening "rolling" beneath vehicles in the parking lot of the bar. That night and the next morning, the bar owners discovered that

several of their vehicles' tires, both at the bar and at their home, had been slashed.

One night about a month later, Orton was caught in the bushes at the bar owners' home. Four men chased Orton from the bar owners' home, but lost track of him and then went to Orton's home. Orton's daughter reported to the police that four men were lurking around her home and that Orton was missing and had been drinking excessively. The men told the investigating officer who responded to the daughter's call that they had seen Orton at the bar owners' home. The officer searched around the bar owners' home and found that the bushes had been trampled and that there would have been ample light for the men to have identified Orton when he was in the bushes.

By the time Orton arrived at his home, several officers had gathered to search for him. He was screaming and using profanity, demanding to know why the officers were on his driveway. The investigating officer asked Orton if he wanted to go to the police station to discuss what had happened at the bar owners' home. Orton responded that he was not going anywhere unless he was under arrest. The officer testified that he told Orton, "you are under arrest for an investigative hold while I find out what's going on." The officer further testified that the investigative hold was for stalking, based on the observations he had made at the bar owners' home. The officer asked him to put his hands behind his back. Orton refused and made a threatening motion towards the officer, so the officer tackled him. Several officers got involved, and Orton struggled until he was subdued with pepper spray and hand-cuffed.

Orton was charged with three counts of tampering in the second degree, two

counts of stalking and one count of resisting arrest. After a jury trial, he was found guilty of one count of tampering in the second degree and of resisting arrest. He appeals.

## II. DISCUSSION

### A. Lesser Included Offense

 The trial court refused to give Orton's tendered jury instruction on property damage in the second degree, which he claimed was a lesser included offense of tampering in the second degree. We review the refusal to give a tendered instruction for abuse of discretion. *Quinn v. Lenau,* 996 S.W.2d 564, 569 (Mo.App. E.D. 1999).

 A lesser included offense is one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Section 556.046.1(1) RSMo Cum.Supp.2004. Orton was charged with tampering in the second degree, which is committed if a person "[t]ampers with property of another for the purpose of causing substantial inconvenience to that person or to another." Section 569.090 RSMo 2000.[1] Property damage in the second degree is committed if a person "knowingly damages property of another." Section 569.120. Orton asserts that, under the facts of this case, "knowingly damages property of another" is equivalent to "tampers with property of another" and that the only additional element required to prove tampering in the second degree is that the defendant acted with the purpose to cause substantial inconvenience to another. While Orton's act of slashing tires might amount to both tampering with and damage to another's property, "[t]he elements of the two offenses must be compared in theory, without regard to the

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

specific conduct alleged" to determine if one is a lesser included offense of the other. *State v. Derenzy,* 89 S.W.3d 472, 474 (Mo. banc 2002). To "tamper" is "to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition, or to deprive, temporarily, the owner or possessor of that thing." Section 569.010. Under this definition, one can tamper with another's property without damaging it. The facts necessary to prove tampering in the second degree do not necessarily also establish property damage in the second degree. Therefore, property damage in the second degree is not a lesser included offense of tampering in the second degree, and the trial court did not abuse its discretion by refusing Orton's instruction.[2]

Point denied.

## B. Resisting Arrest

■ Orton argues that there was insufficient evidence that he was being arrested for an offense and, therefore, he cannot be guilty of resisting arrest. We disagree.

When reviewing the sufficiency of the evidence to support a criminal conviction, this Court gives great deference to the jury. *State v. Cartwright,* 17 S.W.3d 149, 152 (Mo.App. E.D.2000). We do not ask ourselves whether we believe that the evidence at trial established guilt beyond a reasonable doubt. *Id.* Instead, the question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Chaney,* 967 S.W.2d 47, 52 (Mo. banc 1998). In answering that question, we view the evidence in the light most favorable to the verdict, give the State the benefit of all reasonable favorable inferences and disregard all contrary evidence and inferences. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993).

A person resists arrest when (1) he knows or reasonably should know a law enforcement officer is making an arrest and (2) he resists the arrest by using or threatening violence or physical force (3) for the purpose of preventing the officer from effecting the arrest. Section 575.150. While the resisting arrest statute does not require that the arrest be for any particular offense, the Missouri Approved Instructions require the State to show that the officer was arresting the defendant for a specified offense. MAI–CR3d 329.60 (9–1–99); *see also State v. Mansfield,* 748 S.W.2d 949, 953 (Mo.App. E.D.1988). Here, the jury was properly instructed that it had to find that Orton was being arrested for stalking. Moreover, there was sufficient evidence that stalking was the basis of the arrest. The arresting officer testified at trial that the arrest was for an investigative hold for stalking based on the information he gathered at the bar owners' home. The officer was presumably referring to the twenty-hour hold statute, which provides that a person arrested without a warrant for suspicion of committing an offense can be held for no longer than twenty hours without being charged. *See* section 544.170 RSMo Cum. Supp.2004; *State v. Manwarren,* 139 S.W.3d 267, 270 (Mo.App. S.D.2004) (referring to arresting defendant for "twenty-hour investigative hold"). Orton claims that at the time of the arrest, the officer only told him that he was under arrest for

---

**2.** Because Orton failed to establish that the tendered instruction was a lesser included offense, we do not reach his arguments regarding the basis for acquittal of the higher offense and conviction of the lesser included offense. *See State v. Hibler,* 5 S.W.3d 147, 150 (Mo. banc 1999) ("If an offense is an 'included offense' of 'the offense charged,' *then* the issue is whether there is a basis to: 1) acquit of the offense charged, and 2) convict of the included offense." (emphasis added) (citing section 556.046.2 RSMo 1994)).

an investigative hold and that this is not an offense. But there is no authority for the proposition that to support a resisting arrest charge, the State must prove that the officer informed the defendant of the exact offense for which he was being arrested.

The cases on which Orton relies, where the defendants' resisting arrest convictions were overturned, are distinguishable. In *State v. Johnson,* the State failed to allege in the indictment or the instruction the offense for which the defendant was arrested. 741 S.W.2d 70, 73 (Mo.App.S.D. 1987). Here, there is no argument that the indictment or instruction was deficient.

■ Orton also suggests that the State is required to prove the degree of the offense for which he was arrested, citing *State v. Furne,* 642 S.W.2d 614, 616 (Mo. banc 1982) and *DeClue v. State,* 3 S.W.3d 395, 399 (Mo.App. E.D.1999). Those cases involved *felony* resisting arrest charges. For resisting arrest to amount to a felony, the State must prove either that the offense for which the defendant was arrested was a felony or that the defendant resisted arrest "by fleeing in such a manner that the person fleeing create[d] a substantial risk of serious physical injury or death to any person." Section 575.150.5 RSMo Cum.Supp.2004. Otherwise, resisting an arrest is a misdemeanor. *Id.* Orton was charged with and convicted of misdemeanor resisting arrest. There is no authority to support the proposition that to convict on misdemeanor resisting arrest, the State must prove that the defendant was arrested for a misdemeanor. On the contrary, the degree of the offense for which the defendant was being arrested must be proven only when the resisting arrest charge is a felony. Here, evidence that Orton was being arrested for the particular offense of stalking was sufficient, and proof of the degree of the offense was not necessary.

Orton's reliance on *State v. Long* is also misplaced. In *Long,* the defendant's resisting arrest conviction was reversed because he resisted the police officer *before* the officer contemplated arresting him. 802 S.W.2d 573, 576–77 (Mo.App. S.D. 1991). "The offense of resisting arrest cannot occur unless a law enforcement officer actually contemplates an arrest." *Id.* at 575–76 (citing section 575.150 RSMo 1986). Here, the officer told Orton that he was under arrest, and *then* he resisted.

Point denied.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., and NANNETTE A. BAKER, J., concurring.