Argued and submitted March 5, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings April 15, 2010

STATE OF OREGON,
*Respondent on Review,*

*v.*

TERRY DEAN SCHOEN,
*Petitioner on Review.*

(CC 04494; CA A129669; SC S057652)

228 P3d 1207

Neil F. Byl, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael A. Casper, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

BALMER, J.

**BALMER, J.**

This case requires us to determine whether a reasonable jury could find that defendant "tamper[ed] * * * with property of another," as that phrase is used in ORS 164.345(1), the statute that defines the crime of third-degree criminal mischief. At trial, defendant argued that his conduct—kicking the door of a police car in which he had been placed following his arrest—was insufficient to allow a conviction for that crime. The trial court rejected that argument, and the Court of Appeals affirmed in a divided, en banc opinion. *State v. Schoen*, 229 Or App 427, 211 P3d 948 (2009). We allowed review and, for the reasons set out below, now reverse the decision of the Court of Appeals.

Defendant interfered with the efforts of two police officers to enter his home to investigate a report of a domestic dispute. The officers attempted to detain defendant, resulting in a physical struggle between him and the officers. After subduing defendant, the officers placed him in the back seat of a police car. While in the police car, defendant kicked the door a number of times. No evidence was introduced at trial that the door was damaged or otherwise altered, either in function or appearance, by defendant's acts. Defendant was charged with assault, disorderly conduct, harassment, and—for kicking the car door—third-degree criminal mischief, ORS 164.345(1). That statute provides:

> "A person commits the crime of criminal mischief in the third degree if, with intent to cause substantial inconvenience to the owner or to another person, and having no right to do so nor reasonable ground to believe that the person has such right, the person tampers or interferes with property of another."

The criminal complaint alleged, as to the criminal mischief charge, that defendant "did unlawfully and knowingly tamper" with the police car. As noted, at trial, defendant moved for a judgment of acquittal, arguing that evidence that he had kicked the door of the police car was insufficient to prove that he had committed third-degree criminal mischief. Instead, he argued, the state was required to prove that there had been damage to the police car. The trial court denied the motion, and a jury convicted defendant

of all charges. Defendant appealed, challenging only the trial court's denial of his motion for a judgment of acquittal on the criminal mischief charge.

The Court of Appeals affirmed in an en banc decision with three different opinions. At the outset, we observe that, although defendant was charged only with "tampering" and not with "interfering," all three Court of Appeals opinions appear to assume that defendant was charged with "tampering or interfering" with property. The two opinions that reached the merits proceeded to determine whether defendant's conduct "tampered or interfered" with the police car.[1] Indeed, the plurality opinion ultimately affirmed defendant's conviction because "[a] reasonable factfinder could find that defendant's acts constituted an 'interference' within the ordinary meaning of the statute." *Schoen*, 229 Or App at 436 (Edmonds, J., concurring). Although the opinions in the Court of Appeals apparently rest on an erroneous assumption as to the nature of the criminal mischief charge of which defendant was convicted, we nevertheless describe the opinions briefly because they provide useful background for the discussion that follows.

Four members of the Court of Appeals joined in a plurality opinion that concluded that the phrase "tampers or interferes with property of another" in ORS 164.345(1) covers all "unwarranted interferences with property." *Id.* at 434 (Edmonds, J., concurring). The plurality thus rejected defendant's argument that the statute required proof that defendant's conduct "affected" the property or impaired the use of the property and affirmed defendant's conviction.

Three judges agreed that defendant's conviction for third-degree criminal mischief should be affirmed, but did so on the grounds that defendant had failed to raise in the trial court and preserve on appeal his argument that the state

---

[1] The Court of Appeals' assumption is understandable, as the parties, in their briefs in that court, treated the case as though the relevant question was whether the state had proved that defendant had "tampered or interfered" with the police car. We nevertheless find it appropriate to consider only whether defendant "tampered" with the police car. As explained more fully below, the case was charged and tried on that theory, and the trial court, when ruling on defendant's motion for judgment of acquittal, would have understood the criminal mischief charge to involve only tampering.

must prove conduct that "affected" the property or its use. *Id.* at 437 (Haselton, J., concurring). Like the plurality opinion, Judge Haselton's concurring opinion treated the proceedings in the trial court as though defendant had been charged with "tampering or interfering" with the police car. *See id.* at 440-41.

Three judges dissented, concluding that the phrase "tampers or interferes with property" requires proof of "an effect on property that changes its physical nature or limits the property's usefulness." *Id.* at 445 (Sercombe, J., dissenting). In the dissent's view, defendant's conduct did not impede the use of the patrol car or diminish or change the property for the worse so as to alter its functionality or value. For that reason, defendant was not guilty of third-degree criminal mischief and his motion for judgment of acquittal should have been granted. *Id.* at 452.

On review, defendant argues that a person "tampers or interferes with property" for purposes of ORS 164.345(1) when the person "appreciably alters the existing condition or use of the property at issue." Defendant links the word "tamper" with a physical effect on the property and the word "interfere" with a change or rearrangement of the property that frustrates or hinders its use. The state first argues that defendant failed to preserve the argument that he asserts in this court. On the merits, the state argues that third-degree criminal mischief does not require the state to prove conduct that "alters the existing condition or use of property." In the state's view, the statute prohibits "any act in which a person improperly and intrusively meddles with another person's property to frustrate or inconvenience that person."

We first consider the issue of preservation and then turn to the merits. Both issues require us to focus on the motion for judgment of acquittal in the context of the case as it was charged and tried. As noted, the criminal complaint did not charge defendant with "tampering or interfering" with the police car; the count at issue here alleged only that defendant, "with intent to cause substantial inconvenience to Baker City, did unlawfully and knowingly *tamper* with a patrol vehicle[.]" (Emphasis added.) The trial court's initial summary of the case to the prospective jurors, tracking the

criminal complaint, similarly described the criminal mischief count as based on the state's contention that defendant had "tamper[ed]" with the police car. (Moreover, the jury later was instructed that, to find defendant guilty of third-degree criminal mischief, it had to find, among other things, that he had "tampered" with the police car, again demonstrating that the trial court and the parties correctly viewed this case as one about "tampering" and not about "interfering.")

When defendant moved for a judgment of acquittal, he argued that "[t]here's been no showing there's any damage to the vehicle of any kind. So we don't believe there's enough [evidence] there [to support a conviction for criminal mischief]." The trial judge responded that there was "sufficient evidence" for the jury to hear all the charges. Defendant's motion, which did not use either the word "tamper" or the word "interfere," was necessarily directed at the state's alleged failure to prove the conduct element of third-degree criminal mischief as that crime was charged in the criminal complaint—that defendant unlawfully *tampered* with the police car. The trial judge's denial of that motion also was necessarily based on his understanding that the state had charged tampering and that defendant believed tampering required damage of some kind.

To be sure, defendant's argument on appeal—that the state had to show that his acts altered or changed the physical condition or affected the use of the police car in some respect—is a refinement of the argument that he made to the trial court, and defendant now concedes that the state need not prove that he physically "damaged" the police car. But because the element of the crime at issue in the motion for judgment of acquittal was whether defendant had "tampered," and not whether he had "interfered," it was plain that the motion focused the trial court's attention on whether defendant's kicking had any physical effect on the police car. Thus, in our view, the "purposes of fairness and efficiency that underlie the [preservation] requirement," *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998), were adequately served by the grounds that defendant asserted in his motion for judgment of acquittal. We therefore turn to the merits of defendant's appeal.

We begin with the text of ORS 164.345(1). The crime of third-degree criminal mischief, as charged in this case, consists of two elements: (1) "tamper[ing] * * * with property of another" when one has "no right to do so nor reasonable ground to believe that [one] has such right," and (2) the "intent to cause substantial inconvenience to the owner [of the property] or to another person." Here, defendant does not dispute that, by kicking the inside surface of the door of the police car, he intended to cause substantial inconvenience to the police officers at the scene. Nor does he argue that he believed that he had a right to kick the door. His only claim is that kicking the door did not "tamper" with property.[2]

The word "tamper" is not defined in ORS 164.345(1), and, because it is a word of common usage, we turn first to its ordinary meaning. *See State v. Briney*, 345 Or 505, 511, 200 P3d 550 (2008) (court gives words of common usage their plain, ordinary meaning). Although the dictionary offers several definitions of "tamper," the parties agree that the second definition is applicable here: "to interfere so as to weaken or change for the worse." *Webster's Third New Int'l Dictionary* 2336 (unabridged ed 2002). The dictionary also identifies "meddle" as a synonym for "tamper," and under the definition of "meddle," it distinguishes tamper from the other verb used in the statute, "interfere," noting that "TAMPER suggests unwarranted alteration or change, ill-advised readjustment, meddlesome experimentation, or improper influence," while "INTERFERE suggests taking part obtrusively and officiously in the affairs of others so as to hinder, frustrate, check, or defeat." *Id.* at 1401. As an initial matter, then, "tampering" with property would seem to require some improper alteration, change, or "readjustment" of the property.

The legislative history of the crime of third-degree criminal mischief is also helpful to our inquiry. *See State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009) (court may consider legislative history proffered by the parties, if useful).

---

[2] Because defendant was not charged with "interfering" with property, we have no occasion to adjudicate the scope of that term or decide whether a reasonable juror could conclude that defendant's conduct constituted "interfering." We discuss the meaning of "interfere" only insofar as it assists in our interpretation of the word "tamper."

ORS 164.345 was enacted as part of the 1971 revision of the Oregon criminal code. Or Laws 1971, ch 743, § 145. The commentary to the code noted that the new criminal mischief sections were intended to replace the statutes that "prohibit[ed] 'interference' or 'tampering' with certain classes of property." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report, §§ 145-147, 153 (July 1970). The statutes to be replaced included a variety of laws that criminalized "interference" with various kinds of utility property. *Id*. Those statutes did not prohibit mere unauthorized "contact" with the physical property, but rather conduct that affected the property or its use. They used the words "tamper" and "interfere" along with other verbs that suggest that some kind of adverse effect on the property or its use must be shown. *See, e.g., former* ORS 164.610 (1969), *repealed by* Or Laws 1971, ch 743, § 432 (a person commits the crime of "interference with water rights and appliances" if the person intentionally "cuts, breaks down, injures, destroys, extends, alters, *tampers* or interferes with or removes" property related to pumping or transporting water) (emphasis added). In writing the new criminal mischief statute—which, as noted, was intended to prohibit the same conduct as the earlier statutes—the drafters of the code used the verbs "tamper" and "interfere," but not the other verbs from the earlier statutes. It thus appears that the drafters intended those two words to carry forward the concept of requiring some improper alteration of the property (tampering) or adverse effect on its use (interfering), rather than merely any unauthorized contact with the property.

The crux of the legal dispute here is whether "tampering," for purposes of ORS 164.345(1), can be established even without a showing that the property or its use was "affected" by the defendant's conduct, as the state argues. The Court of Appeals plurality opinion concluded that all *"unwarranted interferences* with property with the intent to cause substantial inconvenience to the owner or other persons [are] unlawful under ORS 164.345." *Schoen*, 229 Or App at 434 (Edmonds, J., concurring) (emphasis added). That holding, however, as previously noted, appears to have been based on the erroneous assumption that defendant had been charged with "interfering" with the police car, in addition to

"tampering" with the police car, and thus appears to be the plurality's interpretation of the words "tampers or interferes," rather than the word "tampers" considered on its own. The state nevertheless continues to maintain that "tampers" refers not only to "altering something's existing condition," but also to "interfering with it" or simply "meddling" with it.

As the discussion above suggests, we disagree with the state's interpretation. The legislature set out a specific *mens rea* in ORS 164.345(1)—the intent to cause substantial inconvenience. But the statute does not simply criminalize all acts done with that intent. Rather, it also sets out a specific *actus reus* for third-degree criminal mischief: "tamper[ing] or interfer[ing] with property of another." And, in this case, only "tampering" was charged. The statute, as applicable here, thus requires some specific conduct—tampering—with respect to property. But what conduct is sufficient to violate the statute?

The state argues that the wrongful conduct is that which "improperly and intrusively meddles" with another person's property with intent "to frustrate or inconvenience that person." Obviously, the last part of the state's proposed test is merely the *mens rea* element of ORS 164.345(1) and is not disputed here. And the addition of the adverbs "improperly" and "intrusively" merely emphasizes the conclusion that the "meddling" is unauthorized or wrongful in some way; those words do not assist us in defining the kind of conduct prohibited by the statute. Arguably, *any* conduct that a person engages in with respect to another's property could be considered "improper" or "intrusive" if it is performed with an intent to cause substantial inconvenience to the owner of the property (or another). But the text, context, and legislative history of ORS 164.345, described above, lead us to conclude that the phrase "tampers * * * with property" was not intended to sweep so broadly.

■ As discussed above, "tamper" ordinarily refers to a change or alteration—ordinarily for the worse—in some thing (tangible or intangible). We have found nothing in the text, context, or legislative history of ORS 164.345 to suggest that the legislature intended some different meaning when it used that word in the criminal mischief statute. The state

nevertheless argues that the word "tampers," standing alone, encompasses all (or virtually all) conduct that is prohibited by the words "tampers or interferes." However, those two words, although arguably overlapping in certain respects, do point in different directions. Indeed, the legislature's use of *both* words is at least some indication that the legislature intended "interfere" to mean something different than "tamper." *See* ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."). It is the word "interfere," not "tamper," that ordinarily is used in the sense of being "in opposition" to, "at cross-purposes" with, or hindering or frustrating a use or purpose. *See Webster's* at 1178 (so defining "interfere"). We conclude that the word "tampering," as used in ORS 164.345(1), requires conduct that alters, rearranges, or changes property.

The foregoing interpretation, in our view, captures the majority of the hypotheticals raised by the drafters of the criminal code and discussed in the Court of Appeals opinions.[3] *See Schoen*, 229 Or App at 435-36 (Edmonds, J., concurring); *id.* at 450-51 (Sercombe, J., dissenting) (both discussing hypothetical examples of third-degree criminal mischief). Throwing a switch on a train track that could change the path of a train or opening a gate that blocks access to a forest service road is conduct that alters, rearranges, or changes property, and constitutes "tampering" with property. If done with the intent to cause substantial inconvenience, it constitutes third-degree criminal mischief. Similarly, mixing up library books and reshelving them out of order is an alteration and rearrangement of property and constitutes "tampering" with property. What constitutes tampering with property for purposes of ORS 164.345(1) may depend on the nature of the property: merely entering a "clean room" at a manufacturing facility for silicon wafers or touching a valuable painting with one's finger might constitute tampering, while the same conduct with respect to other property would not. The *actus reus* element of "tamper[ing] * * * with property" for purposes of third-degree criminal

---

[3] Other conduct might constitute "interfering" with property for purposes of ORS 164.345(1), and therefore third-degree criminal mischief, but the present case requires us to consider only whether the charged conduct was "tampering."

mischief may be easily met in many cases, but it requires some showing, beyond the intent to cause substantial inconvenience, of an appreciable physical change or rearrangement to property.

■    Returning to the facts of this case, the state does not argue that defendant's kicking damaged the police car. Nor, as noted, was there any evidence that the kicks altered, rearranged, or had any effect whatever on the car. The state thus failed to introduce evidence that defendant "tampered" with the car. Because the state introduced no evidence that defendant "tamper[ed] * * * with property," the trial court erred in not granting defendant's motion for a judgment of acquittal on the third-degree criminal mischief charge.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.