

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,        )

                    )

         Respondent,        )

                    )

v.                          )       No. SC95629

                    )

PHILLIP LAMONT RANSBURG,    )

                    )

         Appellant.          )

*Opinion issued December 20, 2016*

### APPEAL FROM THE CIRCUIT COURT OF HENRY COUNTY
### The Honorable James K. Journey, Judge

Phillip Lamont Ransburg was found guilty in a court-tried case of second-degree assault and armed criminal action. On appeal, Ransburg argues the circuit court erred in overruling his motion for judgment of acquittal at the close of evidence and entering judgment against him because the State did not present sufficient evidence that he attempted to cause physical injury by means of a dangerous instrument. The circuit court's judgment is affirmed.

### Standard of Review

"In reviewing the sufficiency of the evidence in a court-tried criminal case, the appellate court's role is limited to a determination of whether the [S]tate presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty." *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). "The evidence and all

reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005).

**Facts**

One evening, Ransburg went to his ex-girlfriend's trailer, which was occupied by his ex-girlfriend, another man (the ex-girlfriend's new fiancé), and the ex-girlfriend's daughter. At the time, Ransburg carried a long stick with him that was similar to a broom stick. Finding the trailer locked, he kicked in the door and, once inside, charged at the other man "like a football player would to hit another attacker" while holding the stick in both hands with his clenched fists facing the other man. The man, however, escaped by running into the bedroom, and Ransburg turned his attention to his ex-girlfriend, grabbing her wrist and attempting to pull her out of the trailer. When she resisted, he punched her in the face before running out of the trailer with his stick.

Among other charges, the State charged Ransburg with second-degree assault and armed criminal action for his actions taken against the man.[1] Ransburg waived his right to a jury trial. After overruling Ransburg's motion for judgment of acquittal at the close of the State's evidence and again at the close of all evidence, the circuit court found Ransburg guilty of all charges. The court sentenced Ransburg to concurrent terms of seven-years' imprisonment for second-degree assault and five-years' imprisonment for armed criminal

---

[1] Ransburg was also charged with and found guilty of first-degree burglary, second-degree domestic assault, and a violation of an order of protection. He does not challenge those convictions on appeal.

action. Ransburg appealed, and, after an opinion by the court of appeals, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.

**Analysis**

In his first point on appeal, Ransburg argues the circuit court erred in overruling his motion for judgment of acquittal at the close of evidence and entering judgment against him because the State did not present sufficient evidence that he attempted to cause physical injury by means of a dangerous instrument for purposes of second-degree assault. Predicated on his argument that there was insufficient evidence to prove second-degree assault, Ransburg argues in his second point on appeal that there likewise was insufficient evidence to find him guilty of the related charge for armed criminal action.

"A person commits the crime of assault in the second degree if he . . . [a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument[.]" Section 565.060.1(2).[2] "Dangerous instrument" is defined as "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Section 556.061(9). Additionally, "[s]ection 564.011 governs all attempt crimes . . . including attempt-based assault as defined by section 565.060.1(2)." *State v. Williams*, 126 S.W.3d 377, 381 (Mo. banc 2004). "Attempt, under sec. 564.011, has only two elements: (1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." *State v. Withrow*, 8 S.W.3d 75,

_____

[2] Statutory citations are to RSMo 2000.

3

78 (Mo. banc 1999). "A person **'acts purposely'**, or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." Section 562.016.2.

Here, Ransburg was charged with attempt-based second-degree assault based on his act of charging at the man while holding the long stick. On appeal, Ransburg challenges the first element of attempt, arguing the State failed to present sufficient evidence that it was his conscious object to use the stick as a dangerous instrument. He relies on several cases where the court of appeals held ordinary household objects to be dangerous instruments based on the manner in which they were used on the victim,[3] and he points to the lack of evidence concerning the manner in which he used the stick because he did not swing or jab the stick at the man. This argument is without merit.

Because Ransburg never reached the man due to the man's escape, he never had an opportunity to use the stick on the man in any particular manner. But "[i]ntent is rarely susceptible to proof by direct evidence and is most often inferred circumstantially." *State v. Lammers*, 479 S.W.3d 624, 633 (Mo. banc 2016). "The defendant's mental state may be determined from evidence of the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *State v. Hineman*, 14 S.W.3d 924, 927–28 (Mo. banc 1999). Here, the evidence established that Ransburg, after forcibly breaking into the trailer of his ex-girlfriend, charged at the man "like a football player would to hit another

---

[3] *See State v. Reese*, 436 S.W.3d 738 (Mo. App. 2014) (pencil); *State v. Rousselo*, 386 S.W.3d 919 (Mo. App. 2012) (ceramic bowl); *State v. Coram*, 231 S.W.3d 865 (Mo. App. 2007) (telephone); *State v. Arnold*, 216 S.W.3d 203 (Mo. App. 2007) (ink pen); *State v. Eoff*, 193 S.W.3d 366 (Mo. App. 2006) (piece of wood).

4

attacker" while holding the stick with both hands across his body. After the man escaped, Ransburg attacked his ex-girlfriend. A reasonable inference drawn from these circumstances is that Ransburg's conscious object was, if he reached the man, to cause physical injury to the man by using the stick under circumstances in which it was readily capable of causing serious physical injury. Any inference to the contrary is disregarded on review. *Belton*, 153 S.W.3d at 309. As such, there was evidence from which a trier of fact could have reasonably found Ransburg guilty of second-degree assault. Ransburg's first point on appeal, therefore, is denied. Because Ransburg's second point on appeal is predicated on the success of his first point, it is also denied.

## Conclusion

The circuit court's judgment is affirmed.

_____
Zel M. Fischer, Judge

Breckenridge, C.J., Stith, Draper, Wilson and Russell, JJ., concur.

5