# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1021
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Elwood Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 11, 2019
Filed: January 16, 2020

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

The district court[1] revoked Ronald Brown's supervised release and sentenced him to 36 months' imprisonment for assault of a law enforcement officer. Brown

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

appeals asserting that the sentencing judge erred when he found that Brown had committed a grade A supervised release violation. We affirm.

## I. Background

Boone County Sheriff's deputies arrested Ronald Brown on an active federal parole violation warrant and, believing that Brown was under the influence of a controlled substance and in need of medical attention, transported him to the hospital. Once hospitalized Brown was handcuffed to his hospital bed.

When Brown asked to use the bathroom, the deputy guarding him ("the Deputy") took off Brown's handcuff. Once the handcuff was removed, Brown stated that he "needed to get out of here" and began looking around the room. The Deputy told Brown to get back in bed. Brown looked toward the door and then at the Deputy's gun. After repeating that he "needed to get out of here," Brown lunged toward the gun, getting a hand on the gun's handle and on the Deputy's holster. The Deputy used his hands to prevent Brown from taking the gun and pushed Brown away with his shoulder. Hospital security staff eventually restrained Brown.

At his revocation hearing, Brown stipulated to five grade C violations. Brown did not admit to the assault, arguing that he did not intend to hurt the Deputy. The district court determined Brown had committed a grade A violation, finding by on a preponderance of the evidence that there was an assault on a law enforcement officer. The court found that Brown was in Criminal History Category VI, resulting in an advisory Sentencing Guideline range of 33–36 months.

In explaining its decision, the court stated, "so it's my finding that there was an assault, and assault is not that you intended to take the gun or that you intended to hurt him. That's not an element of assault." The court also found that the five grade C violations "in and of themselves . . . allow me to make my findings." The court then

noted that the purpose of supervised release was to attempt to get the person being supervised to conform his behavior to society's expectations and that Brown's repeated violations "show that's not working." Taking all of Brown's noncompliance into consideration the court imposed a 36–month sentence. Brown appeals his sentence.

## II.     Discussion

A district court's decision to revoke supervised release is reviewed for abuse of discretion. United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015). We review the court's findings of fact that a violation was committed for clear error. Id. "Under clear error review, we may reverse only if we have a definite and firm conviction that the District Court was mistaken." Id. (quotation omitted).

Brown argues that the district court erred in finding a grade A violation because, at most, the court found he committed a simple assault, which would not qualify as a grade A violation. Grade A violations include "a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence." USSG § 7B1.1(a)(1)(A)(i). Under Missouri law, "second-degree assault is a crime that has as an element of use, *attempted use*, or threatened use of physical force against the person of another." United States v. Alexander, 809 F.3d 1029, 1032 (8th Cir. 2016) (cleaned up); see Mo. Rev. Stat. § 565.052(1)(2). A law enforcement officer assaulted in the performance of his or her official duties is classified as a "special victim," a Class B felony with a maximum sentence of twenty years. Mo. Rev. Stat. §§ 565.002(14)(a), 565.052(1)(2), 557.021(3)(1)(b). "In Missouri, attempt is a substantial step towards commission of the offense." United States v. Minnis, 872 F.3d 889, 891 (8th Cir. 2017) (cleaned up). "Substantial step is defined as conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Id. (cleaned up).

Brown claims that because he did not intend to hurt the Deputy he could not have committed the offense of second-degree assault on a law enforcement officer in performance his duties. Brown's argument ignores that the offense can be completed by attempt. In State v. Ransburg, 504 S.W.3d 721 (Mo. 2016) (en banc) the court was confronted with a situation where the defendant charged at the victim while holding a stick described as being like a broom stick. Ransburg, like Brown, argued that the government failed to establish intent to use the stick as a dangerous weapon. Id. at 723. The Missouri Supreme Court rejected this argument noting "[b]ecause Ransburg never reached the man due to the man's escape, he never had an opportunity to use the stick on the man in any particular manner." Id. at 724. Holding that intent could be inferred from the aggressive act, the court found the evidence sufficient to convict. Id. at 724; see State v. Reese, 436 S.W.3d 738, 742–43 (Mo. Ct. App. 2014) ("A defendant does not need to have the subjective intent to use the item with the purpose of causing death or serious physical injury; he or she only has to be aware that the object is being used in circumstances that are readily capable of causing death or serious physical injury." (cleaned up)).

When Brown placed his hands on the Deputy's service weapon with an intent to remove it, he took a substantial step toward committing the offense of assault with at least the threat of violence. The only purpose in brandishing a weapon is to induce fear by the threat of potentially fatal violence. The district court's statement that "assault is not that you intended to take the gun or that you intended to hurt him" accurately stated the elements of assault. However, Brown did not have to intend to use the weapon to harm the Deputy, he only had to be aware that the object he was attempting to gain control of was "readily capable of causing death or serious physical injury." Reese, 436 S.W.3d at 742–43. The threatened use of physical force inherent in an attempt to obtain and brandish a firearm supports the court's conclusion that Brown assaulted the Deputy. Because the Deputy was indisputably performing his official duties at the time of the assault, there is a sufficient basis for finding a grade A violation of assault on a law enforcement officer.

-4-

Based on the record before it, the district court did not err in finding Brown violated his conditions of supervised release by assaulting a law enforcement officer, which is a grade A violation.

III.  **Conclusion**

Accordingly, we affirm.

KELLY, Circuit Judge, dissenting.

I agree that a person can commit second-degree assault by attempt. See Mo. Rev. Stat. § 565.052.1(2) ("A person commits the offense of assault in the second degree if he or she . . . attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument."). If the district court had found that "Brown placed his hands on the Deputy's service weapon with an intent to remove it," that act would perhaps be a substantial step toward committing second-degree assault under Missouri law. See Ransburg, 504 S.W.3d at 723 (setting forth the two elements of attempt: "(1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense."). But that is not what the district court found. Instead, the district court stated: "So, it's my finding that there was an assault, and assault is not that you intended to take the gun or that you intended to hurt him. That's not an element of assault." As I read this finding, the district court was *not* finding that Brown "intended to take the gun." And without this, there is an insufficient factual basis for an attempt to commit second-degree assault. I respectfully dissent.

_____

-5-